*LAMOUREAU ET' AL vs. ;FOWLER.*

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

Where a price is agreed upon for an article which is neither weighed or delivered, and two days thereafter it be destroyed, it is not such a delay as to make the agent liable to the owner. Nor is it incumbent upon the former to sue the buyer when the owner declines giving him authority for that purpose.

The plaintiffs claimed the value of thirty-eight bales of cotton, which they had placed in the hands of the defendant, a commission merchant, for sale. The answer admitted the receipt and sale of eight bales—nett proceeds one hundred and ninety three dollars and thirty seven cents—but denied being responsible for the remainder, as it had been, without any fault of the respondent, consumed by fire.

There was also a plea, in reconvention, for supplies furnished the plaintiffs, to the amount of three hundred and five dollars and forty-six cents, for the balance of which, after deducting the proceeds of the eight bales, the respondent prayed a judgment in his favor.

The cotten was received in the spring of 1829, and stored in a brick building, covered with slate. It was sold to the Messrs. Bowers, at a price agreed upon, on the 9th January, 1830, but neither weighed or delivered; and consumed by fire on the twelfth of the same month. It was not sold sooner, because the price was limited above the market value.

After the destruction of the cotton, the defendant called upon the plaintiffs for authority and evidence, to institute suit against the buyers, which they declined giving. There was judgment for the plaintiffs in the court below, and the defendant appealed.

*McColeb*, for appellant, contended

1. The defendant cannot be made liable for the thirty bales of cotton which were burnt up. He had stored in a good warehouse. The cotton was not sold sooner gecause plaintiffs had limited it to a price which could not be had; it therefore, remained at their risk, as they had not ordered insurance. It was a fortuitous event by which the loss occurred.

2. The letter of defendant to plaintiffs, stating that he would sue the buyers, who had agreed for the cotton prior to the fire, did not bind him to sue. It was further stated by one of the plaintiffs, that he must counsel with his partner

before he could give leave to sue. Besides suit would have done no good, for a *sale* had not taken place; the cotton not having been weighed.—C. C. 2431, 2446, 2433.

3. The account plead in compensation and reconvention was fully established. There was a balance of one hundred and eleven dollars and seventy-two cents due defendant, for which judgment is prayed, and the reversal of that of the court below.

*Cannon* for appellee.

*Martin, J.* delivered the opinion of the court.

The plaintiff alleges he sent thirty-eight bales of cotton to the defendant to sell for his, the plaintiff's account, which he refuses and neglects to account for.

The answer accounts for eight of the bales, and avers that the other 30 were sold on the 9th of January, and destroyed by fire on the night of the 12th, before the defendant could have them weighed and delivered, without any fault or neglect on his part.

The defendant claimed a balance for supplies furnished the plaintiff beyond the proceeds of the sale of the eight bales.

There was judgment against the defendant for the value of the thirty-eight bales, and he appealed.

The record shews the thirty bales were sold on Saturday, the ninth of January 1830, and were neither weighed or delivered on that day, nor on the following Monday or Tuesday the 11th and 12th; on the night of the latter day, the cotton was consumed by fire, without any other fault or neglect of the defendant, but the alleged fault, not delivering the cotton.

The defendant informed the plaintiff he concurred he might recover from his vendors, on account of their neglect and delay to take possession of the cotton: and requested to be furnished with evidence of the weight of the cotton for that purpose. One of the plaintiffs coming to the city, the de-

fendant repeated the request to him, and asked leave to use the plaintiffs' name on bringing suit against the buyers. But this was refused the plaintiff in the city, refusing to consult his partner.

On these facts, the judge *a quo*, has concluded the defendant was not chargeable, on account of the delay, in delivering the cotton, during the two days between the sale and the destruction of the cotton; but that he was, for the neglect to sue his buyers.

We are of opinion a delay of two days was not necessarily evidence of such neglect on the part of the defendant, as ought to make him answerable for the subsequent misfortune, and the judge did not err in concluding he ought not to be charged on that account.

But we think that the defendant, having applied for evidence, to support a suit against the buyers, and the plaintiffs having neglected to furnish it, and having declined to allow the use of their names in such a suit, cannot complain it was not brought, especially as they might have brought, and still may bring it. The judge, therefore, in our opinion, erred in charging the defendant with the value of the cotton on this account.

*Where a price is agreed upon for an article which is neither weighed or delivered, and two days thereafter it be destroyed, it is not such a delay as to make the agent liable to the owner. Nor is it incumbent upon the former to sue the buyer, when the owner declines giving him authority for that purpose.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and proceeding to give such a judgment as, in our opinion, ought to have been given below. It is ordered, adjudged and decreed, that the defendants claim, in reconvention, for three hundreed and five dollars, forty-six cents (305 46) be allowed, that he be charged with two hundred and nine dollars thirty-four cents (209 34,) with proceeds of the eight bales, and that there be judgment for the balance, ninety-six dollars twelve cents (96 12), with costs in both courts.